**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**JIMMIE LEE VAUGHN, JR.**                                                                       **PLAINTIFF**

**VERSUS**                                                             **CIVIL ACTION NO. 2:08CV159-P-A**

**CITY OF OLIVE BRANCH, OFFICER
ADAM MCHANN, SERGEANT CARLOS
GARCIA, MAYOR SAMUEL RIKARD IN
HIS OFFICIAL CAPACITY AS MAYOR
OF OLIVE BRANCH, LIEUTENANT KEVIN
MCKENZIE, and POLICE CHIEF ART HEUN
IN HIS OFFICIAL CAPACITY AS POLICE
CHIEF OF OLIVE BRANCH**                                        **DEFENDANT**

## **ORDER**

This cause is before the Court on defendant McHann's Motion for Summary Judgment [42].[1] The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

The instant case arises out of a series of events which occurred on March 7, 2007. Officer Adam McHann and Sergeant Carlos Garcia of the Olive Branch Police Department agreed to assist Marshall County detective Kelly McMillan and FBI agent Tom Bolke with the apprehension of Jimmie Lee Vaughn, Jr. on an outstanding federal warrant. The arrest was to take place at the Flying

---

[1] The motion also sought summary judgment on behalf of the other named defendants; however, defendants Carlos Garcia, Samuel Rikard, Kevin McKenzie and Art Heun were later dismissed pursuant to an Agreed Order entered August 18, 2009. Consequently, McHann is the only individual defendant remaining in the case.

J Truck Stop in Olive Branch.[2] Officer McHann and Sergeant Garcia staged themselves on a side street close to the truck stop; McMillan and Bolke parked at the gas station and watched for Vaughn's arrival.

When Vaughn arrived, he parked his car near a large recreational vehicle (hereafter "RV"). He exited his vehicle, stood near the RV and called McMillan to determine his location. Upon Vaughn's arrival, McMillan alerted Sergeant Garcia and provided a physical description. Officer McHann and Sergeant Garcia proceeded to the truck stop in separate vehicles. They entered the parking lot, single file, at approximately five miles an hour..

When Vaughn heard the vehicles approaching,[3] he began running as fast as he could. He ran down the passenger side of the RV; Officer McHann followed him in the patrol car. Sergeant Garcia executed a U-turn and traveled down the driver side of the RV, toward the front of the RV; he accelerated with the intention of cutting in front of the RV ahead of Vaughn, stopping his car and apprehending Vaughn on foot.[4] As Sergeant Garcia cleared the front of the RV and applied his brakes and placed his vehicle in park, Vaughn ran into the passenger-side mirror of the car. Almost immediately, Officer McHann's car hit Sergeant Garcia's vehicle in the right, front passenger door, also hitting Vaughn and causing him injury. Officer McHann and Sergeant Garcia placed Vaughn in custody and requested emergency medical assistance.

---

[2] Detective McMillan set up a meeting with Vaughn under the guise of signing paperwork relating to a bond from a prior arrest.

[3] Vaughn maintains he didn't see the patrol vehicles enter the parking lot.

[4] Because McHann and Garcia were travelling on opposite sides of the RV, the RV obstructed their view. Furthermore, the officers were not in contact with one another during the course of the short pursuit.

Vaughn filed suit on July 2, 2008. His Complaint seeks recovery under 42 U.S.C. § 1983 for alleged violations of the Fourth, Eighth and Fourteenth Amendments to the Constitution.[5] McHann seeks dismissal of Vaughn's constitutional claims on the basis of qualified immunity. The doctrine of qualified immunity protects state officials from damages liability so long as the official's conduct could have reasonably been considered consistent with the rights they are alleged to have violated. Mendenhall v. Riser, 213 F.3d 226 (5th Cir. 2000). It shields "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092 (1986). In order to abrogate the qualified immunity and subject the defendant to potential damages liability, this Court must first conclude that: 1) McHann's actions violated Vaughn's clearly established constitutional rights; and 2) that Officer McHann either knew or reasonably should have known his conduct violated Vaughn's constitutional rights.

Defendant is entitled to qualified immunity with regard to each of plaintiff's constitutional claims. As a threshold matter, the Eighth Amendment does not apply to Vaughn's claims. The Eighth amendment's protection against cruel and unusual punishment applies only to those convicted of crimes. Ingraham v. Wright, 430 U.S. 651 (1977). Because plaintiff had not been convicted at the time of the incident, the Eighth Amendment does not apply to his claims.

The Fourth Amendment is likewise inapplicable. The Fourth Amendment covered only "searches and seizures." County of Sacramento v. Lewis, 523 U.S. 833, 843 (1997). No one suggests that there was a search, and a "police pursuit in attempting to seize a person does not amount to a 'seizure' within the meaning of the Fourth Amendment." Id (emphasis added). More to the point, "no Fourth Amendment seizure would take place where a pursuing police car sought

---

[5] Vaughn also seeks recovery pursuant to the Mississippi Tort Claims Act.

to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit, but accidentally stopped the suspect by crashing into him." Id. The police pursuit that resulted in this accident was not a seizure, notwithstanding Vaughn's allegations that the collision was intentional. The only admissible evidence of record[6] clearly demonstrates that the accident was simply that–an accident.[7] As best noted by defendant's expert, Jerry Barrett:

> Because of the circumstances involved–the presence of the motor home and short length of the pursuit–the officers had no possible opportunity to have any visual or verbal communications with each other prior to Sergeant Garcia's car suddenly appearing in front of the RV, directly in front of Vaughn and Officer McHann's car.

Exhibit H to Defendant's Motion for Summary Judgment.

Moreover, the facts before the Court cannot support a substantive due process claim under the Fourteenth Amendment because Officer McHann's conduct does not "shock the conscience." The touchstone of substantive due process afforded by the Fourteenth Amendment is protection of the individual against arbitrary government action. Lewis, 523 U.S. at 845. Only the most egregious official conduct can be said to be arbitrary in the constitutional sense; accordingly, the applicable test

---

[6] Testimony by either plaintiff Vaughn or witness Randy Johnson regarding Officer McHann's intent is self-serving in one instance and simply unfounded in the other. Johnson's opinion that Officer McHann intentionally hit plaintiff with his car is improper lay witness testimony. Federal Rule of Evidence 701 requires that lay witness testimony be "limited to those opinions or inferences which are rationally based on the perception of the witness." Johnson's testimony violates this rule because it goes beyond what he saw to opine about the motivation behind McHann's actions. Intent is an issue that goes beyond the scope of Johnson's rationally based perception of the accident. It is a "conclusory observation" without sufficient underlying facts. See United States v. Dotson, 779 F.2d 189, 192-93 (5th Cir. 1986). See also U.S. v. Durham, 464 F.3d 976, 982 (9th Cir. 2006); Hester v. BIC Corp., 225 F.3d 178, 182 (2nd Cir. 2000); U.S. v. Beck, 418 F.3d 1008, 1015 (9th Cir. 2005).

[7] See Campbell v. White, 916 F.2d 421 (7th Cir. 1990); Evans v. Hightower, 117 f.3d 1318 (11th Cir. 1997); Apodaca v. Rio Arriba Count Sheriff's Dept., 905 F.2d 1445 (10th Cir. 1990); Roach v. Cith of Fredericktown, 882 F.2d 294 (8th Cir. 1989); Kelly v. City of Southfield, 2007 WL 1343265 (E.D. Mich. 2007).

is whether the governmental actor's conduct is so egregious or outrageous that is "shocks the conscience." Id. At 846-47. The facts of this accident fall far shy of the conscience-shocking standard for liability. "High-speed chases with no intent to harm suspects physically or worsen their legal plight do not give rise to liability under the Fourteenth Amendment . . . ." Id.

Officer McHann is clearly entitled to qualified immunity based on the plaintiff's inability to demonstrate a violation of a clearly established constitutional right. Plaintiff's inability to establish an underlying constitutional violation by a government actor likewise requires the dismissal of Vaughn's claim against the municipality. City of Los Angeles v. Heller, 475 U.S. 796 (1986); Rios v. city of Del Rio, Tx, 444 F.3d 417 (5th Cir. 2006); Breaux v. City of Garland, 205 F.3d 150 (5th Cir. 2000). And, finally, the dismissal of the federal claims in this lawsuit lead the Court to conclude that dismissal of plaintiff's supplemental state law claims is likewise proper. 28 U.S.C. § 1367(c)(3).

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant McHann's Motion for Summary Judgment is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that plaintiff's § 1983 claim predicated on alleged violations of the Fourth, Eighth and Fourteenth Amendments is hereby DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED plaintiff's Monell claim against the City of Olive Branch should be, and hereby is, DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED that plaintiff's state law claims are hereby DISMISSED WITHOUT PREJUDICE to his right to pursue them in an appropriate forum.

SO ORDERED, this the 30th day of March, 2010.

/s/ W. Allen Pepper, Jr.
ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE